1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 PATRICK BERTRAND,                    Case No.17-cv-06820-JSC
          Plaintiff,
8
                                       **SCREENING ORDER**
   v.
9
10 JUSTIN GIARLA,
          Defendant.
11

12

13      Plaintiff Patrick Bertrand brings this action against Defendant Justin Giarla alleging

14 violations of state law arising out of the sale of a piece of artwork Plaintiff had given to Defendant

15 on consignment. (Dkt. No. 1.) The Court previously granted Plaintiff's application to proceed in

16 forma pauperis and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915.

17 (Dkt. No. 9.) Having reviewed the Complaint, the Court orders Plaintiff to show cause as to this

18 Court's subject matter jurisdiction over this action.

19                                **BACKGROUND**

20      Plaintiff is a resident of California who purchased a painting from Defendant, now a

21 resident of Oregon, for $18,000 on March 15, 2011. (Complaint ¶¶ 11, 15.) Two years later,

22 Defendant contacted Plaintiff indicating that he knew of a collector interested in acquiring the

23 painting. (*Id*. ¶ 16.) Defendant indicated that he would sell the painting to this interested buyer

24 for $30,000. (*Id*.) A few weeks later, Plaintiff agreed to place the painting on consignment with

25 Defendant. (*Id*. ¶ 17.) A year later, Defendant sold the painting to a third-party without Plaintiff's

26 knowledge. (*Id*. ¶ 18.) Plaintiff did not learn about the sale until August 2016—two years later.

27 (*Id*. ¶ 19.) Plaintiff then attempted to contact Defendant but he did not return Plaintiff's calls or

28 emails and Plaintiff also discovered that Defendant's three art galleries in San Francisco had

United States District Court
Northern District of California

1    closed. (*Id*. ¶ 20.)  Plaintiff then learned that several other individuals were owed consignment

2    funds from Defendant who has apparently relocated to Portland, Oregon.  (*Id*. ¶ 21.)

3    A little over a year later, Plaintiff filed the underlying action against Defendant alleging 11

4    claims for relief under California law including: (1) breach of contract; (2) violation of fiduciary

5    duty; (3) failure to use reasonable care; (4) violation of the duty of loyalty; (5) common counts; (6)

6    trespass to chattels; (7) conversion; (8) intentional misrepresentation; (9) negligence; (10)

7    negligent misrepresentation; and (11) unfair commercial practices.[1]  (Dkt. No. 1.)

8                                          **LEGAL STANDARD**

9    Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a

10   party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or

11   malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

12   against a defendant who is immune from such relief.  A complaint is frivolous for Section 1915

13   purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15

14   (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)

15   (recognizing the general proposition that a complaint should be dismissed as frivolous on Section

16   1915 review where subject matter jurisdiction is lacking). Upon dismissal, pro se plaintiffs

17   proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely

18   clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v.*

19   *Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted);

20   *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

21                                          **DISCUSSION**

22   "Federal courts are courts of limited jurisdiction. They possess only that power authorized

23   by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

24   (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to

25   ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v.*

26   *Shinseki*, 562 U.S. 428, 434 (2011).

27   _____

28   [1] The Complaint pleads these claims against "all defendants," but there only appears to be one
     Defendant—Justin Giarla.

2

1    In most cases, original federal subject matter jurisdiction may be premised on two grounds:

2    (1) diversity jurisdiction, or (2) federal question jurisdiction.  Here, Plaintiff pleads diversity

3    jurisdiction.  (Complaint ¶ 3.)  To properly allege diversity jurisdiction, a plaintiff must claim

4    damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires

5    complete diversity between the parties—each defendant must be a citizen of a different state from

6    each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th

7    Cir. 2008); 28 U.S.C. § 1331. Although Plaintiff has alleged diversity between the parties—he

8    being a resident of California and Defendant a resident of Oregon—Plaintiff has not adequately

9    alleged that the claims here satisfy the amount in controversy requirement.

10    "Generally, the amount in controversy is determined from the face of the pleadings." *See*

11    *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).  Here, Plaintiff alleges that

12    "the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum."

13    (Complaint ¶ 4.)  It is unclear, however, how this is the case.  Plaintiff purchased the at-issue

14    painting from Defendant for $18,000. (*Id*. at ¶ 15.)  Defendant later agreed that he would sell the

15    painting on Plaintiff's behalf for $30,000. (*Id*. at ¶ 16.)  Sometime thereafter Defendant in fact

16    sold the painting for an unspecified sum, but which is not alleged to exceed $30,000.  Plaintiff

17    seeks to recover his loss of the painting plus interest and his costs in pursuing relief, but he does

18    not assign a dollar value to these damages. (*Id*. at ¶ 25.)  While Plaintiff also seeks punitive

19    damages under Business and Professions Code section 17200, courts "scrutinize [a] claim closely"

20    where "a claim for punitive damages makes up the bulk of the amount in controversy" as it may

21    here. *Cason v. Cal. Check Cashin Stores*, No. No. 13-cv-03388-JCS, 2013 WL 5609329, at *3

22    (N.D. Cal. Oct. 11, 2013) (citations omitted).  Because Plaintiff's complaint does not allege an

23    amount in controversy, it is not apparent that the matter in controversy exceeds the sum or value of

24    $75,000, exclusive of interest or costs.  The complaint therefore fails to allege diversity

25    jurisdiction. *See, e.g.*, *White v. Lemendola*, No. CIV S-10-3303, 2011 WL 2414420, at *2 (E.D.

26    Cal. June 8, 2011).

27                                          **CONCLUSION**

28    Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to how the Court has subject

matter jurisdiction over this action. **Plaintiff shall show cause in writing on or before February 1, 2018.** To the extent that Plaintiff alleges diversity jurisdiction, his response to the Order to Show Cause must provide specific factual allegations as to the amount in controversy.

**IT IS SO ORDERED.**

Dated: January 11, 2018

_Jacqueline Scott Corley_

JACQUELINE SCOTT CORLEY
United States Magistrate Judge